UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANDREW WRIGHT and S.W.,[1]   )
                              )
            Plaintiffs,       )
                              )
v.                            )   Case No. 15-CV-507-CVE-PJC
                              )
OOLAGAH-TALALA SCHOOL DISTRICT, )
                              )
            Defendant.        )

**OPINION AND ORDER**

Now before the Court is the Complaint and Motion for Temporary Restraining Order or Preliminary Injunction (Dkt. ## 1,3,4) and plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). Andrew Wright and S.W., proceeding pro se, have filed this case alleging that S.W. was unfairly disciplined at school in retaliation for previously filing a lawsuit against the Oolagah-Talala School District. Dkt. # 2, at 2. Plaintiffs claim that S.W., a student at the Oolagah-Talala Middle School, committed a minor infraction, but administrators at the school have proposed to suspend S.W. for an entire semester. Plaintiffs do not allege that any discipline has actually been imposed and they do not allege that they have attempted to exhaust any administrative remedies available to them. Plaintiffs seek a temporary restraining order enjoining defendant from taking any adverse action against S.W. for at least 10 days.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

---

[1] Plaintiffs' complaint (Dkt. # 1) identifies the minor plaintiff by name. For the protection of the minor plaintiff, the complaint has been sealed and the Court will refer to the minor plaintiff as S.W.

1991).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The law is clearly settled that a pro se litigant may not represent any other person and, in the case of a minor child, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). The named plaintiffs in this case are Andrew Wright and S.W.  Andrew Wright identifies himself as S.W.'s father, and he claims that S.W. was unfairly disciplined by the school in retaliation for filing a lawsuit against the defendant. Andrew Wright has not asserted any claim that he has personally suffered any type of injury from defendant's actions, and his claims are based solely on the harm allegedly caused to his son.  Andrew Wright may bring such a claim on behalf of his son, but he must be represented by an attorney.  Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv., 871 F. Supp. 1331 (D. Kan. 1994) (dismissing case sua sponte because pro se parent filed claim on

2

behalf of minor child). To protect the interests of S.W., the Court will require that he be represented by an attorney before proceeding with a civil rights claim against defendant.

Even if S.W. were represented by an attorney, the complaint does not clearly allege that he will suffer any imminent harm absent judicial intervention. The complaint alleges that administrators at the Oolagah-Talala Middle School "propose" to discipline S.W., but there are no allegations that any discipline has actually been imposed. The doctrine of ripeness is a constitutional consideration under Article III and it is a prerequisite to suit in federal court. Awad v. Ziriax, 670 F.3d 1111, 1124 (10th Cir. 2012). The ripeness analysis "focuses on 'whether the harm asserted has matured sufficiently to warrant judicial intervention." Id. (quoting Kansas Judicial Review v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008). In this case, the complaint does not allege that any final decision has been made as to S.W.'s discipline, and it is possible that he may receive a less severe punishment than the suspension referenced in the complaint. In addition, plaintiffs may have administrative remedies to challenge the suspension, if imposed, before it takes effect. The harm asserted is not sufficiently concrete or imminent to warrant judicial intervention at this time. The Court finds that plaintiffs' case should be dismissed for lack of jurisdiction, because S.W., a minor, is not represented by an attorney and the allegations of the pro se complaint fail to establish that the case is ripe for review.

**IT IS THEREFORE ORDERED** that plaintiffs' complaint (Dkt. # 1) is **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) and plaintiffs' motions for a temporary restraining order or preliminary injunction (Dkt. ## 3,4) are **moot**.

**DATED** this 1st day of September, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE